**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KELSEY HIRMER, an Illinois resident, | |
| Plaintiff, | |
| v. | Civil Action No. |
| ESO SOLUTIONS, INC. d/b/a ECORE SOLUTIONS, INC., a Texas Corporation, | |
| Defendant. | |

**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332
1441(b)(DIVERSITY)**

Defendant, ESO Solutions, Inc.[1] ("ESO"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §1332 and §1441, hereby removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

I.  **Background**

1.      Plaintiff, Kelsey Hirmer ("Plaintiff"), individually and on behalf of her other putative class members, commenced this putative class action on January 24, 2022 by filing her Complaint in the Circuit Court of Cook County, Illinois, Chancery Division, in Case No. 2022-CH-00553. ESO was served with a copy of the summons, Complaint, and Plaintiff's Motion for Class Certification on January 27, 2022. Copies of the summons, Complaint, Motion for Class Certification, and Service of Process Transmittal are attached hereto as **Exhibit A**.

---

[1] Plaintiff incorrectly names ESO as doing business as eCore Solutions, Inc.

2. The attached documents constitute all process, pleadings, and orders received and obtained by ESO in this action.

3. This Notice of Removal is timely because it has been filed within 30 days of service of the Complaint. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999)(time for removal calculated from date of formal service of the summons and complaint).

4. A case may be removed to federal court if it could have been brought in that federal court originally. 28 U.S.C. § 1441(a), (b); *Rivet v. Regions Bank of La.,* 522 U.S. 470, 474-75 (1998).

5. This case could have been originally filed in federal court. Looking solely to the named parties, diversity jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and ESO, and because the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Royce v. Michael R. Needle P.C.,* 950 F.3d 939, 950 (7th Cir. 2020).

## II. <u>Diversity</u>

6. "Diversity jurisdiction requires (1) complete diversity of citizenship between the plaintiffs and the defendants, and (2) an amount in controversy that exceeds $75,000, exclusive of costs." *Id.* (citing 28 U.S.C. 1339(a); *see e.g., Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000)).

7. As to diversity of citizenship, complete diversity between all plaintiffs and all defendants is required; "no plaintiff can be a citizen of the same State as any defendant." *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009).

8. Plaintiff is and has been, at all times relevant, an Illinois resident and citizen. (Compl., ¶ 17.) For purposes of diversity jurisdiction, Plaintiff is and was a citizen of Illinois. 28

U.S.C. §§ 1332(a)(1). ESO was, at all times relevant, a Texas corporation with its principal place of business located in Austin, Texas. (Compl., ¶ 18.) Consequently, for purposes of diversity jurisdiction, ESO is and was a citizen of Texas. 28 U.S.C. §§ 1332(a)(1), (c)(1).

9.      Because Plaintiff and ESO are not citizens of the same state, complete diversity exists. *Smart,* 562 F.3d at 803.

## III.      Amount in Controversy.

10.      When calculating the amount in controversy, this Court may aggregate the damages claimed against the defendant. "It is the *case*, rather than the *claim*, to which the $75,000 minimum applies." *Johnson v. Wattenbarger,* 361 F.3d 991, 993 (7th Cir. 2004) (emphasis in original).

11.      Here, Plaintiff pleads putative class action claims against ESO arising from Illinois' Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"). (*See generally,* Compl.)

12.      Specifically, Plaintiff alleges that she and her other putative class members were employees of a customer who used ESO's timekeeping software program for "clocking-in" and "clocking-out" at their place of employment. (Compl., ¶¶ 23-25.) And, because these individuals were required to use their fingerprints for this "clocking-in"/"clocking-out", Plaintiff alleged ESO violated BIPA for (a) its failure to institute, maintain, and adhere to a publicly available retention schedule regarding biometric identifiers or information pursuant to 740 ILCS 14/15(a) and (b) its failure to provide the necessary disclosures and obtain written consent before obtaining biometric identifiers or information pursuant to 740 ILCS 14/15(b). (Compl. ¶¶ 43, 52-53.)

13.      Additionally, Plaintiff alleges that, with each fingerprint scan, ESO never provided these necessary disclosures. (Compl., ¶¶ 26-27.) Also, Plaintiff alleged these violations under BIPA occurred from January 2019 until at least December 2019. (Compl., ¶ 10.)

14.     Plaintiff's Complaint seeks damages in the amount of $5,000 for each intentional or reckless violation of BIPA or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA. (Compl., ¶¶ 45, 55.)

15.     While ESO denies the allegations in the Complaint, denies any liability to Plaintiff whatsoever, and denies that Plaintiff is entitled to any damages or other relief, Plaintiff seeks an amount in controversy that, in all likelihood, exceeds the $75,000.00 jurisdictional minimum required by 28 U.S.C. § 1332(a).

**IV.**     **Conclusion**

16.     For the reasons stated above, this case could have originally been filed in federal court and is therefore removable.

17.     Venue is proper in this Court because the Circuit Court of Cook County is located in this District. *See* 28 U.S.C. § 1441(a); 28 U.S.C. 115(a)(1).

18.     In accordance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal and a copy of this Notice of Removal will be promptly filed with the Circuit Court of Cook County. A copy of that Notice will be served upon Plaintiff.

19.     By filing this Notice of Removal, ESO does not waive any defenses that may be available to it.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the above-entitled action be removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division for the reasons stated herein.

Dated:   February 25, 2022

By: /s / *Harry Arger*
        One of the Attorneys for Defendant,
        ESO Solutions, Inc.

Harry N. Arger (6198806)
Melanie J. Chico (IL 6294469)
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, IL 60606
 (312) 876-1700
harger@dykema.com
mchico@dykema.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on February 25, 2022 I caused the foregoing to be electronically filed with the Northern District of Illinois using the ECF filing system and in addition sent a copy via email to:

Keith J. Keogh
keith@keoghlaw.com

Gregg M. Barbakoff
gbarbakoff@keoghlaw.com


/s/ Harry Arger

122535.000001  4882-9446-2736.3

# Exhibit A

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 8



FILED
1/24/2022 1:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00553
Calendar, 8
16414029

FILED DATE: 1/24/2022 1:43 PM   2022CH00553

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

KELSEY HIRMER

_____
Plaintiff(s)

v.

ESO SOLUTIONS, INC. d/b/a ECORE
SOLUTIONS, INC.,

_____
Defendant(s)

c/o C T Corporation System, Registered Agent,
208 S. LaSalle St. Ste 814, Chicago IL 60604

_____
Address of Defendant(s)

Case No.   2022CH00553

Please serve as follows (check one):   ○ Certified Mail   ⦿ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

Summons - Alias Summons  • (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 39042

○ Pro Se 99500

Name: Gregg M. Barbakoff

Atty. for (if applicable):

Kelsey Hirmer

Address: 55 W. Monroe St, Suite 3390

City: Chicago

State: IL   Zip: 60603

Telephone: 312-726-1092

Primary Email: Gbarbakoff@KeoghLaw.com

Witness date 1/24/2022 1:43 PM IRIS Y. MARTINEZ

_____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 3

FILED DATE: 1/24/2022 1:43 PM   2022CH00553



# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

FILED DATE: 1/24/2022 1:43 PM   2022CH00553

## CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

## CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

## COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

## DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

## DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

## LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

## PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

## ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

 **CT Corporation**

**Service of Process Transmittal**
01/27/2022
CT Log Number 540954666

**TO:** David Lopez
ESO SOLUTIONS, INC.
11500 ALTERRA PKWY STE 100
AUSTIN, TX 78758-3192

**RE:** **Process Served in Illinois**

**FOR:** ESO SOLUTIONS INC. (Domestic State: TX)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KELSEY HIRMER, individually and on behalf of himself all others similarly situated vs. ESO SOLUTIONS, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2022CH00553 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/27/2022 at 04:28 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air , 1ZX212780124012472 |
| | Image SOP |
| | Email Notification, David Lopez david.lopez@eso.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**          Thu, Jan 27, 2022

**Server Name:**        Sheriff Drop

| Entity Served | ESO Solutions Inc |
|---|---|
| Case Number | 2022Ch00553 |
| Jurisdiction | IL |



FILED
12/24/2021 12:39 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00553
Calendar, 8
16411813

*5 0 1 3 7*

FILED DATE: 1/24/2022 12:39 PM   2022CH00553

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

KELSEY HIRMER, individually and on behalf
of himself all others similarly situated,

     *Plaintiff,*

     v.

ESO SOLUTIONS, INC. d/b/a ECORE
SOLUTIONS, INC.,

     *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)

Case No.    2022CH00553

## CLASS ACTION COMPLAINT

Plaintiff Kelsey Hirmer, individually and on behalf of all other persons similarly situated,

by her undersigned attorneys, as and for her Class Action Complaint for violations of the Illinois

Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant ESO

Solutions, Inc. d/b/a Ecore Solutions, Inc. ("ESO" or "Defendant"), alleges on personal

knowledge, due investigation of her counsel, and, where indicated, on information and belief as

follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this action for damages and other legal and equitable remedies

resulting from the illegal actions of Defendant in collecting, storing and using her and other

similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to

collectively at times as "biometrics") without obtaining informed written consent or providing the

requisite data retention and destruction policies, in direct violation of BIPA.

---

[1]     A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry", among others.
[2]     "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

* 5 0 1 3 7 4 7 0 *

2.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.     In recognition of these concerns over the security of individuals' biometrics the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity like Defendant may not obtain and/or possess an individual's biometrics unless it informs that person in writing that biometric identifiers or information will be collected or stored. *See* 740 ILCS 14/15(b).

4.     The BIPA further requires that entities collecting biometrics must inform those persons in writing of the specific purpose and length of term for which such biometric identifiers or biometric information are being collected, stored and used. *See id.*

5.     Moreover, entities collecting biometrics must publish publicly available written retention schedules and guidelines for permanently destroying biometrics collected. *See* 740 ILCS 14/15(a).

6.     Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *See* 740 ILCS 14/15(c).

7.     Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from an individual's biometrics. *See* 740 ILCS 15/15(c).

FILED DATE: 1/24/2022 12:39 PM   2022CH00553

2

* 5 0 1 3 7 4 7 0 *

FILED DATE: 1/24/2022 12:39 PM    2022CH00553

8.      Defendant ESO sells a software scheduling platform for emergency medical services agencies and fire departments.  Their platform, sold through their eCore brand, provides employee schedule management, payroll, and timeclocks.

9.      As part of its commercial offerings, Defendant provides biometric timekeeping authentication technology.

10.     In direct violation of each of the foregoing provisions of §§ 15(a) and 15(b) of BIPA, Defendant, through its technology and equipment, collected, stored and used—without first providing notice, obtaining informed written consent or publishing data retention policies—the fingerprints and associated personally identifying information of Plaintiff and other Class members from at least January 2019 until at least December 2019.

11.     If Defendant's database of digitized fingerprints were to fall into the wrong hands, by data breach or otherwise, the employees to whom these sensitive and immutable biometric identifiers belong could have their identities stolen, among other serious issues.

12.     BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their employment.

13.     Yet, Defendant never adequately informed Plaintiff or the Class of its biometrics collection practices, never obtained the requisite written consent from Plaintiff or the Class regarding its biometric practices, and never provided any data retention or destruction policies to Plaintiff or the Class.

14.     Plaintiff brings this action to prevent Defendant from further violating the privacy rights of Illinois residents and to recover statutory damages for Defendant's unauthorized collection, storage and use of these individuals' biometrics in violation of BIPA.

3

* 5 0 1 3 7 4 7 0 *

FILED DATE: 1/24/2022 12:39 PM   2022CH00553

### JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant is doing business within Illinois and because Plaintiff's claims arise out of Defendant's unlawful capture, collection, use, and storage of biometric information within Illinois.

16.     Venue is proper in this County pursuant to 735 ILCS 5/2-101 because Defendant conducts its usual and customary business in this County and because the transaction out of which this cause of action arises occurred in this County.  735 ILCS 5/2-102(a).

### PARTIES

17.     Plaintiff is, and has been at all relevant times, a resident and citizen of Illinois.

18.     Defendant ESO Solutions, Inc. d/b/a eCore Solutions, Inc. is a corporation organized under the laws of the state of Texas but registered with the Illinois Secretary of State to transact business in Illinois and doing business in Cook County, Illinois.

### FACTUAL BACKGROUND

I.     **Illinois' Biometric Information Privacy Act.**

19.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

> (1) informs the subject...in writing that a biometric identifier or biometric information is being collected or stored;

> (2) informs the subject...in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

4

* 5 0 1 3 7 4 7 0 *

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

20. Section 15(a) of BIPA also provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

21. As alleged below, Defendant's practices of collecting, storing and using individuals' biometric identifiers (specifically, fingerprints) and associated biometric information without informed written consent violated all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violated § 15(a) of BIPA.

**II.     Defendant Violates Illinois' Biometric Information Privacy Act.**

22. Defendant provides employee schedule management, payroll, and timeclocks, including biometric timekeeping services, for emergency medical service agencies.

23. During the relevant time, Plaintiff worked in Illinois for a commercial customer of Defendant.

24. During her employment, Plaintiff was required to scan her fingerprints into Defendant's biometric timekeeping devices each time she needed to "clock-in" and "clock-out" of work each day.

FILED DATE: 1/24/2022 12:39 PM   2022CH00553

* 5 0 1 3 7 4 7 0 *

25.     Through its biometric technology, Defendant captured, collected, and otherwise obtained the biometric identifiers or biometric information of Plaintiff and the Class members.

26.     With each fingerprint scan, Defendant receives biometric information in some medium or format in order to allow Defendant to provide employee management services to Plaintiff's employer.

27.     Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of her unique biometric identifiers or biometric information.

28.     Likewise, Defendant did not obtain a signed written release (or any other form of consent, for that meter) from Plaintiff before collecting, storing, and using her unique biometric identifiers or biometric information.

29.     By collecting Plaintiff's unique biometric identifiers or biometric information without her consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

30.     Finally, Defendant never implemented publicly-available policy governing the retention and permanent destruction of biometric identifiers and biometric information.

31.     Thus, Plaintiff has no reason to believe Defendant actually destroyed her biometric identifiers or biometric information, despite that the sole reason Plaintiff provided that data in the first place (*i.e.* clocking in and out of work) is now moot.

## CLASS ALLEGATIONS

32.     **Class Definition:** Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

* 5 0 1 3 7 4 7 0 *

All individuals who, while residing in the State of Illinois, had their fingerprints collected, captured, used, transmitted, disseminated, stored or otherwise obtained by Defendant.

33.     **Numerosity:** Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the Class is substantial, believed to amount to hundreds of persons. It is, therefore, impractical to join each member of the Class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

34.     **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), there are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

  (a) whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information;

  (b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

  (c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers or biometric information;

  (d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information

FILED DATE: 1/24/2022 12:39 PM   2022CH00553

7



* 5 0 1 3 7 4 7 0 *

has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiff's and the Class' biometric identifiers or biometric information to identify them; and

(f) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

35. **Adequate Representation:** Pursuant to 735 ILCS 5/2-801 (3), Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

36. **Superiority:** Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a



FILED DATE: 1/24/2022 12:39 PM    2022CH00553

class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

**COUNT I – FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO**
**PUBLICLY AVAILABLE RETENTION SCHEDULE**

37.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

39.     Defendant failed to comply with these BIPA mandates.

40.     Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

41.     Plaintiff is an individual who had her "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

42.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

43.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

9

* 5 0 1 3 7 4 7 0 *

44. Upon information and belief, Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data and have not and will not destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

45. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II – FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION**

46. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

47. BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release

FILED DATE: 1/24/2022 12:39 PM   2022CH00553

* 5 0 1 3 7 4 7 0 *

executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

48.     Defendant failed to comply with these BIPA mandates.

49.     Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

50.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

51.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

52.     Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

53.     Defendant never informed Plaintiff, and never informed any member of the Class at least prior to December 2019, in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

54.     By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

11

FILED DATE: 1/24/2022 12:39 PM    2022CH00553

* 5 0 1 3 7 4 7 0 *

FILED DATE: 1/24/2022 12:39 PM  2022CH00553

55.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kelsey Hirmer, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

**\* 5 0 1 3 7 4 7 0 \***

Dated: January 24, 2022

Respectfully submitted,

**KELSEY HIRMER, individually and on behalf of
all others similarly situated,**

By: /s/ Gregg M. Barbakoff
    Keith J. Keogh
    Gregg M. Barbakoff
    KEOGH LAW, LTD. (FIRM 39042)
    55 W. Monroe St., Suite 3390
    Chicago, Illinois 60603
    Firm No. 39042
    Tel.: (312) 726-1092
    Fax: (312) 726-1093
    keith@keoghlaw.com
    gbarbakoff@keoghlaw.com

    *Attorneys for Plaintiff and the Putative Class*

FILED DATE: 1/24/2022 12:39 PM    2022CH00553

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 8

FILED
1/24/2022 1:14 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH00553
Calendar, 8
16412923

FILED DATE: 1/24/2022 1:14 PM   2022CH00553

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

KELSEY HIRMER, individually and on behalf )
of himself all others similarly situated, )
)
    *Plaintiff,* )
)    Case No. 2022CH00553
    v. )
)
ESO SOLUTIONS, INC. d/b/a ECORE )
SOLUTIONS, INC., )
)
    *Defendant.* )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Kelsey Hirmer ("Plaintiff"), by and through undersigned counsel and pursuant to

735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing

Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel.

Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary

to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion

pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's*

*Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.,*

662 F.3d 891, 896–97 (7th Cir. 2011). In support of her Motion, Plaintiff submits the following

Memorandum of Law.

*  5  0  1  3  7  4  7  0  *

Dated: January 24, 2022        Respectfully submitted,

**KELSEY HIRMER, individually and on behalf of all others similarly situated,**

By:  /s/ Gregg M. Barbakoff
       Keith J. Keogh
       Gregg M. Barbakoff
       KEOGH LAW, LTD.
       55 W. Monroe St., Suite 3390
       Chicago, Illinois 60603
       Firm No. 39042
       Tel.: (312) 726-1092
       Fax: (312) 726-1093
       keith@keoghlaw.com
       gbarbakoff@keoghlaw.com

       *Attorneys for Plaintiff and the Putative Class*

2

FILED DATE: 1/24/2022 1:14 PM   2022CH00553

FILED DATE: 1/24/2022 1:14 PM 2022CH00553

*  5  0  1  3  7  4  7  0  *

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by ESO Solutions, Inc. d/b/a Ecore Solutions, Inc. ("Defendant"). Defendant provides software products for EMS agencies, fire departments, and hospitals, including online time clock and attendance software. Defendant captured, collected, stored, and used the biometric information and identifiers of Plaintiff and the putative class members to track their time at work. In so doing, Defendant has violated Illinois law—specifically, the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA")—by obtaining, storing, and using this data without informed and written consent, and by failing to provide the requisite data retention and destruction policies explaining how and when such biometric information will be used, stored, and destroyed.

After Plaintiff learned of Defendant's wrongful conduct, she commenced suit on behalf of a class of similarly situated individuals in order to bring an end to the Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of BIPA, and to obtain redress for all persons injured by Defendant's conduct.

## I. THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT

BIPA is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include fingerprints, handprints and vocal identifiers; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. Compl., ¶ 1.

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first: (1) inform that person in

1

* 5 0 1 3 7 4 7 0 *

writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

## II. FACTUAL BACKGROUND

### A. The Underlying Misconduct.

Defendant has taken the biometrics of hundreds of individuals within the state of Illinois. Compl., ¶ 33. During the relevant time period in the State of Illinois, Defendant used biometric fingerprint scanning and recognition technology to collect biometric information from Plaintiff and the putative class members, to track their exact "clock-in" and "clock-out" times. *Id.* at ¶ 1. Each fingerprint extracted by the Defendant is biologically unique to the particular individual. *Id.* Defendant used its biometrics technology to capture, collect, and store Plaintiff's and other Class member's biometrics. *Id.* at ¶ 25.

However, Defendant failed to obtain informed written consent from Plaintiff and the putative class members, before capturing and collecting their biometric information. *Id.* at ¶ 28. Defendant failed to provide Plaintiff and the putative class members, with a retention schedule and deletion policies detailing how and when Defendant would retain and destroy the individuals' biometric information and/or biometric identifiers. *Id.* at ¶ 43. Thus, despite its practice of taking the biometric information of every individual who uses its biometric technology, Defendant failed to comply with BIPA's statutory requirements regarding the collection of biometric identifiers and

FILED DATE: 1/24/2022 1:14 PM    2022CH00553

* 5 0 1 3 7 4 7 0 *

FILED DATE: 1/24/2022 1:14 PM   2022CH00553

biometric information. *Id.* at ¶¶ 43, 54.

### B. The Proposed Class

Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who, while residing in the State of Illinois, had their fingerprints collected, captured, received or otherwise obtained and/or stored by Defendant.

Compl., ¶ 35. As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## III. ARGUMENT

### A. Legal Standard for Class Certification

To obtain class certification, a plaintiff does not need to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.") (internal quotation marks and citation omitted). In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party

3

*5 0 1 3 7 4 7 0 *

FILED DATE: 1/24/2022 1:14 PM   2022CH00553

may sue or be sued as a representative party of the class only if the court finds:

    (1)     The class is so numerous that joinder of all members is impracticable.

    (2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

    (3)     The representative parties will fairly and adequately protect the interest of the class.

    (4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the maintenance of a class action, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14 at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court

4

should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

## B.    The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement, a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least several hundred members of the Class. Compl., ¶ 33. Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20 at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

* 5 0 1 3 7 4 7 0 *

FILED DATE: 1/24/2022 1:14 PM   2022CH00553

## C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.*, 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant collected or otherwise obtained Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information; whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers or biometric information; whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first; whether Defendant used Plaintiff's and the Class' biometric identifiers or biometric information to identify them; and whether Defendant's violations of the BIPA were committed intentionally, recklessly, or negligently. Compl., ¶ 34.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class

6

* 5 0 1 3 7 4 7 0 *

members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

**D.      The Adequate Representation Requirement is Satisfied.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff was subjected to Defendant's biometric timekeeping technology and Defendant captured, collected, and stored her biometrics. Compl., ¶ 1. Plaintiff has also alleged that Defendant did so without complying with BIPA's requirements. *Id.* Plaintiff's pursuit of this matter against Defendant demonstrates she will be a zealous advocate for the Class.

Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. *See, generally,* Declaration of Keith J. Keogh, attached hereto as Exhibit 1. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Compl., ¶ 38. Moreover, Plaintiff is able to fairly and adequately

7

* 5 0 1 3 7 4 7 0 *

represent and protect the interests of such a Class. Neither Plaintiff nor her counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has asserted viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

**E.  Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy**

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 224 Ill. App. 3d at 203-04; *Eshaghi*, 214 Ill. App. 3d at 1004 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited"

8

FILED DATE: 1/24/2022 1:14 PM   2022CH00553

* 5 0 1 3 7 4 7 0 *

and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at \*6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

A class action is superior to other methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl., ¶ 36. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. *Id.* Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own

FILED DATE: 1/24/2022 1:14 PM    2022CH00553

FILED DATE: 1/24/2022 1:14 PM  2022CH00553

biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

**IV.    CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 have been satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Keogh Law, Ltd as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully requests that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: January 24, 2022

Respectfully submitted,
**KELSEY HIRMER, individually and on behalf of all others similarly situated,**

By: */s/ Gregg M. Barbakoff*
     Keith J. Keogh
     Gregg M. Barbakoff
     KEOGH LAW, LTD.
     55 W. Monroe St., Suite 3390
     Chicago, Illinois 60603
     Firm No. 39042
     Tel.: (312) 726-1092
     Fax: (312) 726-1093
     keith@keoghlaw.com
     gbarbakoff@keoghlaw.com
     *Attorneys for Plaintiff and the Putative Class*

10