IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELSEY HIRMER, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| *Plaintiff,* | )<br>)<br>) Case No. 22 C 01018 |
| v. | )<br>) |
| ESO SOLUTIONS, INC. d/b/a ECORE SOLUTIONS, INC., | ) **Hon. LaShonda A. Hunt**<br>) **Magistrate Judge Maria Valdez**<br>) |
| *Defendant.* | )<br>) |

### ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, AND APPROVING NOTICE PLAN

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement"). This case was brought by plaintiff Kelsey Hirmer ("Hirmer" or "Plaintiff"), individually and on behalf of all others similarly situated, against Defendant ESO Solutions, Inc. ("ESO"). Based on this Court's review of the Settlement Agreement ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), along with the Parties and all persons in the Settlement Class.

3. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's

length between experienced attorneys familiar with the legal and factual issues of this case, and supervised by a well-qualified JAMS mediator, the Honorable James F. Holderman (Ret.); and (c) the proposed forms and method of distributing notice of the Settlement to the Settlement Class are appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

4. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, certifies the following Settlement Class:

> All individuals who scanned their finger in connection with their use of an ePro BioClock in Illinois and whose finger-scan data was hosted on a server owned or leased by ESO from January 24, 2017 to the date the Court enters the Preliminary Approval Order. The Settlement Class does not encompass individuals who may have used an ePro BioClock in Illinois, but did not have their finger-scan data hosted on a server owned or leased by ESO.
>
> Excluded from the Settlement Class are: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opts out of this Action.

5. In connection with granting class certification, the Court makes the following preliminary findings:

    (a) The Settlement Class includes 6,414 members, and thus, the class is so numerous joinder of all members is impracticable;

    (b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved, including, but not limited to, whether ESO captured, collected, and/or obtained the Settlement Class Members' alleged biometric identifiers or biometric information in connection with their use of the finger-scanning feature of the ePro BioClock, and these questions appear to predominate over any alleged individual questions;

(c) Plaintiff's claims appear to be typical of the claims of the Settlement Class because she alleges ESO collected, captured, and/or obtained her alleged biometric identifiers or biometric information without first obtaining informed written consent, and failed to implement and adhere to a publicly-available policy governing the retention and destruction of alleged biometric identifiers or biometric information;

(d) Plaintiff and her counsel are adequate to represent the class. Plaintiff appears to have the same interests as the Settlement Class, she does not have any apparent conflict of interest with the Settlement Class, and her attorneys have extensive experience litigating class action cases, including class actions under BIPA; and

(e) Certification of the Settlement Class is the superior method for fairly and efficiently resolving the claims of the Settlement Class.

(f) Defendant retains all rights to object to the propriety of class certification in this Action in all other contexts and for all other purposes should the Settlement not be finally approved. If the Settlement is not finally approved and this Action resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect.

6. <u>Settlement Class Representative</u>. For settlement purposes only, the Court appoints Plaintiff Hirmer as representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7. <u>Settlement Class Counsel</u>. For settlement purposes only, the Court appoints Keith J. Keogh and Gregg M. Barbakoff as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Settlement Administrator</u>. KCC Class Action Services LLC ("KCC") is hereby appointed as the Settlement Administrator. The Settlement Administrator shall be responsible for providing notice of the Settlement ("Notice") to the Settlement Class as provided in the Agreement and this Order, as well as services related to administration of the Settlement.

9. <u>Class Notice</u>. The Class Administrator shall provide Notice via First Class Mail in accordance with the Agreement (the "Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutes the best notice practicable under the circumstances.

10. <u>*Cy Pres* Recipients.</u> Any Settlement Funds remaining after distribution as set forth in the Settlement Agreement shall be donated, in equal amounts, to the following *cy pres* recipients: (A) the Electronic Privacy Information Center; and (B) Illinois Heart Rescue.

11. <u>Opt-Outs and Objections</u>. Persons in the Settlement Class who wish to object to the Settlement or request exclusion from the Settlement Class, must do so in accordance with the Notice. A class member who opts out may not also submit an objection, unless the class member confirms their intent to withdraw their opt-out in writing by no later than the opt-out deadline.

12. <u>Settlement Administrator to Maintain Records</u>. The Settlement Administrator shall maintain copies of all objections, and opt-outs received. The Settlement Administrator shall provide copies of all objections and opt-outs to the parties.

13. <u>Objections to the Settlement</u>. Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection in accordance with the Notice, Agreement, and this Order. To be considered, the objection: (A) must be personally signed by the objecting class

member, (B) it must include (i) the class member's full name, current address, email address, and current telephone number; (ii) the case name and number of this Action; (iii) documentation sufficient to establish membership in the Settlement Class; (iv) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; (v) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position, and (vi) the identification of any other objections s/he has filed, or has had filed on his/her behalf, in any other class action case in the last five years, and (C) it must be filed with the Court and sent to Plaintiff's and Defendant's counsel as stated in the Notice, by no later than the Opt-Out and Objection deadline stated below. Objections that are untimely or do not include the required information above shall be deemed waived.

14. <u>Appearing at Final Approval Hearing</u>. An objecting Settlement Class Member does not need to appear in person at the Final Approval Hearing, but may do so by filing a notice of intention to appear in accordance with the Notice, Agreement, and this Order no later than the Opt-Out and Objection deadline below.

15. <u>Reasonable Procedures to Effectuate the Settlement</u>. Unless otherwise ordered by the Court, the parties are authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making minor changes to the form or content of the Notice or exhibits to the Agreement they agree are reasonable and necessary.

16. <u>Final Approval Hearing</u>. At the date and time provided below, or at such other date and time later the Court sets, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class

Counsel's application for an award of attorneys' fees and expenses, and any service award to Plaintiff, should be granted, and in what amounts. The hearing shall be held in Courtroom 1425 at the United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, or such other location as the Court may order.

17. <u>Release of Claims</u>. Final approval of the Agreement will settle and resolve with finality on behalf of the Plaintiff and the Settlement Class, the Action and the Released Claims against the Released Parties by the Releasing Settlement Class Members in the Action. As of the Effective Date, the Agreement and the above-described release of the Released Claims, which are set forth in greater detail in the Agreement, will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who do not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Agreement, and the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Court specifically approves the release of claims set forth in the Agreement, including Section XII of the Agreement.

18. <u>All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement</u>.

19. Pending the final determination of whether the Settlement and Agreement should be approved, all pre-trial proceedings and briefing schedules in the Action will remain stayed.

20.     <u>No Admission of Liability.</u>  The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongoing by Defendant or any Released Party, or the truth of any of the claims asserted.  Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

21.     <u>Reasonable Procedures to Effectuate the Settlement.</u>  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agremeent with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

22.     Plaintiff shall file her motion in support of Class Counsel's application for attorneys' fees and expenses, and any service award, no later than the Notice Deadline below.

23.     Plaintiff shall file her: (a) motion in support of final approval of the Settlement; (b) response to any objections to the Settlement, no later than the date stated for the same in the Schedule of Events below.

24.     <u>Schedule of Events</u>. Based on the foregoing, the Court hereby orders the resolution of this matter shall proceed on the following schedule:

| | |
|---|---|
| **October 1, 2024** | Deadline for the Settlement Administrator to send notice to the Settlement Class in accordance with the Agreement and this Order (Notice Deadline) |
| **October 1, 2024** | Deadline for Plaintiff to file her Motion for Attorneys' Fees and Expenses, and any Incentive Award |
| **December 2, 2024** | Deadline for any member of the Settlement Class to request exclusion from the Settlement or object to the Settlement in accordance with the Notice and this Order (Opt-Out and Objection Deadline) |
| **January 7, 2025** | Deadline for Plaintiff to file:<br><br>(1) Motion and memorandum in support of final approval, including proof of class notice; and<br>(2) Response to any objections. |
| **January 14, 2025 at 9:30 a.m.** | Final Approval Hearing |

IT IS SO ORDERED.

Dated: September 10, 2024

_____
Hon. LaShonda A. Hunt.
United States District Judge