IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELSEY HIRMER, individually and on behalf of all others similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) Case No. 22 C 01018 |
| v. | ) ) |
| ESO SOLUTIONS, INC. d/b/a ECORE SOLUTIONS, INC., | ) Hon. LaShonda A. Hunt ) ) |
| *Defendant.* | ) |

## ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court having held a final approval hearing on January 14, 2025, notice of the hearing and the Settlement having been duly given in accordance with this Court's order (1) preliminarily approving Settlement, (2) certifying the Settlement Class for purposes of settlement, (3) approving notice plan, and (4) setting the final approval hearing, and having considered all matters submitted at the final approval hearing and otherwise, and finding due and adequate notice having been given to the Settlement Class and no just reason for delay in entry of this final order,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement dated March 22, 2024, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF No. 80) are also incorporated by reference into this Final Approval Order.

2. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and personal jurisdiction over Defendant, ESO Solutions, Inc. ("ESO"), and the Settlement Class Members, certified in the Court's preliminary approval order, who did not properly or timely request exclusion.

1

3. The Court hereby finds the Agreement is the product of arm's length settlement negotiations between Plaintiff and ESO, supervised by a well-qualified JAMS mediator, the Honorable James F. Holderman (Ret.).

4. The Court hereby finds Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Federal Rule 23 and due process.

5. There were no objections to the Agreement.

6. The Court hereby finally approves the Agreement, finding it fair, reasonable and adequate as to all members of the Settlement Class in accordance with Federal Rule 23.

7. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Settlement Class satisfies all the requirements of Federal Rule 23. The Settlement Class is defined as follows:

> All individuals who scanned their finger in connection with their use of an ePro BioClock in Illinois and whose finger-scan data was hosted on a server owned or leased by ESO from January 24, 2017 to the date the Court enters the Preliminary Approval Order. The Settlement Class does not encompass individuals who may have used an ePro BioClock in Illinois, but did not have their finger-scan data hosted on a server owned or leased by ESO.
>
> Excluded from the Settlement Class are: (1) the district and magistrate judges presiding over this case; (2) the judges of the Seventh Circuit; (3) the immediate families of the preceding person(s); (4) any Released Party; and (5) any Settlement Class Member who timely opted out of this Action.

8. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to satisfaction of claims, and any remaining funds.

9. As of the Effective Date, the Plaintiff and every Settlement Class Member hereby releases all Released Parties from the Released Claims, as stated in the Agreement.

10. This Final Approval Order will settle and resolve with finality on behalf of the Plaintiffs and the Settlement Class, the Action and the Released Claims against the Released Parties by the Plaintiff and the other Settlement Class Members in the Action as set forth in the Agreement, including Section XII of the Agreement. As of the Effective Date, the Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members who do not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, affiliates, spouses, heirs, executors, administrators, agents and assigns of each of the foregoing, as set forth in the Agreement, and the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

12. Upon the Effective Date of the Settlement Agreement, Plaintiff and each Settlement Class Member and their respective present or past heirs, assigns, executors, administrators, and agents, shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally and forever released and discharged each and evert Released Party from any and all claims, rights, demands, liabilities, lawsuits and/or causes of action of every nature and

description, whether known or unknown, filed or unfiled, asserted or as of yet unasserted, existing or contingent, whether legal, statutory, equitable, or of any other type of form, whether under federal, state, or local law, and whether brought in an individual, representative, or any other capacity, of every nature and description whatsoever, including, but not limited to, claims that were or could have been brought in the Lawsuit or any other actions filed (or to be filed) by Plaintiff and any Settlement Class Members against the Released Parties relating in any way to or connected with the alleged capture, collection, storage, possession, transmission, conversion, purchase, obtaining, sale, lease, profit from, disclosure, re-disclosure, dissemination, transmittal, conversion and/or other use of alleged biometric identifiers and/or biometric information through the latter of: (1) the date of this Order, or (2) with respect to any Settlement Class Members for whom data stored on servers owned or leased by ESO is retained at the express request of Class Counsel during the pendency of the Elite Action, the date that such data is permanently deleted and destroyed pursuant to the process outlined in the Agreement, including, but not limited to, claims under the Illinois Biometric Privacy Act, 740 ILCS 14/1, et seq.

13. Settlement Class Counsel has moved, pursuant to FED. R. CIV. P. 23(h) and 52(a), for an award of attorneys' fees and reimbursement of expenses. Pursuant to Federal Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

    (a) The Settlement confers substantial benefits on the members of the Settlement Class;

    (b) The value conferred on the Settlement Class is immediate and readily quantifiable, in that members of the Settlement Class will receive cash payments that represent a significant portion of the damages available to them were

they to prevail in an individual action under the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA");

(c) Settlement Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) The Settlement was obtained as a direct result of Settlement Class Counsel's advocacy;

(e) The Settlement was reached following extensive negotiations between Settlement Class Counsel and Counsel for ESO, supervised by a well-qualified JAMS mediator, and was negotiated in good-faith and without collusion;

(f) Members of the Settlement Class were advised in the Notice approved by the Court that Settlement Class Counsel intended to apply for an award of attorneys' fees equal to thirty-six percent of the Settlement Funds less notice and administration costs, in the amount of $1,463,024.88, plus expenses, to be paid from the Settlement Fund;

(g) A copy of Plaintiff's motion for an award of attorneys' fees and expenses and any incentive award was made available for inspection in the Court's file and on the settlement website during the period class members had to submit any objections;

(h) No member(s) of the Settlement Class submitted written objection(s) to the award of attorneys' fees and expenses; and

(i) Counsel who recover a common fund for the benefit for persons other than themselves for their client are entitled to a reasonable attorneys' fee from the fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980);

*Sutton v. Bernard,* 504 F.3d 688, 691 (7th Cir. 2007) ("the attorneys for the class petition the court for compensation from the settlement or common fund created for the class's benefit")*.*; and accordingly, Settlement Class Counsel are hereby awarded $1,463,024.88 for attorney fees and $16,412.62 for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Settlement Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

(j) Other than expressly provided above and in the Settlement Agreement, the Parties shall bear their own costs and attorneys' fees in connection with this matter.

14. The Class Representative, Kelsey Hirmer, is hereby compensated in the amount of $10,000 for her efforts in this case. *See*, *e.g.*, *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (recognizing that "because a named plaintiff is an essential ingredient of any class action, an incentive award is appropriate if it is necessary to induce an individual to participate in the suit"); *In re Synthroid Mkt. Litig.* ("*Synthroid I*"), 264 F.3d 722 (7th Cir. 2001) ("Incentive awards are justified when necessary to induce individuals to become named representatives."); *see also Leung v. XPO Logistics, Inc.,* 326 F.R.D. 185, 205 (N.D. Ill. 2018) (awarding $10,000 incentive award to named plaintiff); *Briggs v. PNC Financial Services Group*, No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *5 (N.D. Ill. Nov. 29, 2016) ($12,500 incentive award for each named plaintiff); *Castillo v. Noodles & Co.*, No. 16-cv-03036, 2016 U.S. Dist. LEXIS 178977, at *8 (N.D. Ill. Dec. 23, 2016) (authorizing $10,000 incentive award for each named plaintiff).

15. If, after the expiration date of the second distribution (if any) as provided for in the Settlement Agreement, there remains money in the Settlement Fund, all money remaining will be

distributed, in equal amounts, to the Electronic Privacy Information Center and Illinois Heart Rescue as the *cy pres* beneficiaries. *See Ira Holtzman, C.P.A., & Assocs. V. Turza*, 728 F.3d 682, 689 (7th Cir. 2013)

16. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses this case on the merits and with prejudice, and permanently enjoins all Settlement Class Members from prosecuting any Released Claims against the Released Parties. Notwithstanding the foregoing, without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction solely to supervise the administration of the Settlement, enforce the Agreement, and resolve any disputes relating to the same.

**IT IS SO ORDERED,
ADJUDGED AND DECREED.**

Dated: January 14, 2025

Honorable Lashonda A. Hunt
United States District Judge